# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MIKAL HAMILTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1164-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On or about August 20, 2020, movant Mikal Hamilton filed a document in the United States Court of Appeals for the Eighth Circuit, titled "Motion and Memorandum of law in support of premission [*sic*] to file U.S.C. § 2255 motion." (ECF No. 1). The Court of Appeals forwarded the document to this Court, and because it appeared movant intended to seek relief under 28 U.S.C. § 2255, this Court opened the instant civil action on his behalf.

In the document, movant cited and generally described the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He cited other decisions as well, including *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Welch v. U.S.,* 136 S. Ct. 1257 (2016). Movant then wrote that in light of *Rehaif,* his convictions were unlawful, and he should be immediately released. However, movant did not provide specific facts from his case, nor did he reference any connection between his case and the cited authorities or anything else that could be interpreted as grounds for relief under 28 U.S.C. § 2255.

In consideration of movant's *pro se* status, the Court entered an order on August 31, 2020 directing him to file an amended motion on the proper form. In that order, the Court cautioned movant that his failure to timely comply could result in the dismissal of this action. After movant failed to respond to the order within the time provided, the Court *sua sponte* entered an order on October 16, 2020 giving him additional time to comply, again cautioning him that his failure to timely comply could result in dismissal.

Movant's response was due to the Court no later than November 16, 2020. On December 23, 2020, movant filed a motion asking this Court to "recommend" a "lawyer for compassion[ate] release." (ECF No. 5). Movant asserted nothing that could be interpreted as responsive to the Court's prior orders or an attempt to seek relief under 28 U.S.C. § 2255.

In sum, movant has failed to comply with the Court's two prior orders, and has made no effort to prosecute this case. Movant was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample additional time to comply. Therefore, this action will be dismissed, without prejudice, due to movant's failure to comply with the Court's August 31, 2020 and October 16, 2020 orders and his failure to prosecute this case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (*per curiam*) (affirming dismissal without prejudice where *pro se* litigant failed to file an amended pleading despite being cautioned that dismissal could result from failure to do so). The Court will also deny as moot movant's motion asking this Court to "recommend" a "lawyer for compassion[ate] release." (ECF No. 5).

Accordingly,

2

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.   A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that movant's motion (ECF No. 5) is **DENIED** as moot.

Dated this 4th day of January, 2021.

_John A. Ross_

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE